IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                                          CRIMINAL 08-139 (ADC)

[4] AMADO DE LA ROSA RAMOS

Defendant

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)

## I.      Procedural Background

On April 3, 2008, Amado de la Rosa Ramos, the defendant herein, was charged in a two-count indictment.  Docket 24.  On June 18, 2008, the defendant filed a motion for change of plea. Docket 72.

Count one of the indictment charges that on or about March 25, 2008, in the District of Puerto Rico, and within the jurisdiction of this court, Amado de la Rosa Ramos and three other individuals, aided and abetted by each other, being aliens without authorization to enter the United States, entered the United States at a place other than a designated Port of Entry by Immigration Officers, all in violation of Title 8, United States Code, Section 1325(a)(1) and Title 18, United States Code, Section 2.

Count two charges that on or about March 25, 2008, in the District of Puerto Rico, and within the jurisdiction of this Court, defendant Amado de la Rosa Ramos, being an alien previously deported from the United States, knowingly attempted to enter the United States, without obtaining prior to his reembarkation at a place outside the United States the express consent from the Attorney General of the United States, or his successor, the Secretary of Homeland Security, acting through the Under Secretary for Border and Transportation Security, pursuant to Title 6, United States Code, Sections 202(3), 202(4) and 557, to such alien's reapplying for admission.  The second count also alleges that the aforesaid

2

offense was committed after defendant had been convicted and deported for an aggravated felony, all

in violation of Title 8, <u>United States Code</u>, Sections 1326(a)(2) and (b)(2).

**II.      Consent to Proceed Before a Magistrate Judge**

On June 26, 2008, while assisted by counsel Juan F. Matos de Juan, Esq. defendant, by consent,

appeared before me in order to enter a plea of guilty as to counts one and two of the indictment. In open

court the defendant was questioned as to the purpose of the hearing being held and was advised of:

(a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath

and that it was expected that his answers would be truthful; (c) the potential consequences of lying

under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided

by a district judge instead of a magistrate judge.  The defendant was also explained the differences

between the appointment and functions of the two.  The defendant consented to proceed before this

magistrate judge for purposes of entering his guilty plea to count one and two of the indictment.

**III.     Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

**A.      Rule 11 Requirements**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of
guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of
guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be
knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads
guilty does so with an 'understanding of the nature of the charge and consequences of
his plea.'"   <u>United States v. Cotal-Crespo</u>, 47 F.3d 1, 4 (1st Cir. 1995) (quoting
<u>McCarthy v. United States</u>, 394 U.S. 459, 467 (1969)). [There are three core concerns
in these proceedings]:  1) absence of coercion; 2) understanding of the charges; and 3)
knowledge of the consequences of the guilty plea.  <u>United States v. Cotal-Crespo</u>, 47
F.3d at 4 (citing <u>United States v. Allard</u>, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

<u>United States v. Hernández-Wilson</u>, 186 F.3d 1, 5 (1st Cir. 1999).

**B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his

right:

1.      To remain silent at trial and be presumed innocent, since it is the government who has the

burden of proving his guilt beyond a reasonable doubt.

3

2.     To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3.     To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4.     To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5.     To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses and observing his demeanor and taking into account counsel's belief that the defendant has fully understood his rights, it is determined that the defendant is aware of his constitutional rights.

**C. Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty.  Specifically, defendant was advised that by pleading guilty and upon having him guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment.  He was also explained that parole has been abolished.

In response to further questioning, defendant was explained and he understood that if convicted on count one, he is exposed to a term of imprisonment of not more than two (2) years, a fine of not more than two hundred fifty thousand dollars ($250,000), and a term of supervised release of not more than

4

one (1) year in addition to any term of incarceration.[1]  If convicted on count two, he is exposed to a term of imprisonment of not more than twenty (20) years, a fine of not more than two hundred fifty thousand dollars ($250,000), and a term of supervised release of not more than three (3) years in addition to any term of incarceration The defendant was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, <u>United States Code</u>, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone.  The defendant understood this.

The defendant was made aware that at this stage no prediction or promises as to the sentence to be imposed could be made by anyone.  The defendant was also explained what the supervised release term means and was urged to cooperate with the United States Probation Office.

**D.  Absence of Plea Agreement**

There is no plea agreement in this case.  The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory.  In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute.  Defendant acknowledged having understood these explanations.

**E.  Government's Evidence (Basis in Fact)**

Defendant admitted that on March 25, 2008, he and at least three other individuals, helping each other, entered or attempted to enter the United States at a place other than port of entry designated by immigration officers.  Defendant also admitted that he and the other individuals were aliens without permission to enter legally into the United States.  In addition, defendant admitted that he committed this offense knowingly, that is, not by accident or mistake.

---

[1]  Even though count one carries the penalties of a misdemeanor in the case of a first-time offender, it entails the penalties of a felony in the context of a subsequent commission of any such offense.  <u>See</u> 8 U.S.C. §1325(a).

5

Although defendant acknowledged that he committed the offenses charged in the instant indictment subsequent to having being previously deported and to the commission of a felony, he disputes that the felony in his criminal history is an *aggravated* felony.  Nevertheless, it is determined that there is a basis in fact and evidence to establish all the elements of the offenses charged.

**F. Voluntariness**

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.  He came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which would have been proven had the case proceeded to trial.

**G. Special Warnings**

The defendant was explained, and he understood, that as a result of entering a guilty plea, he may be subject to adverse administrative consequences, including but not limited to deportation or removal from the United States of America.

**IV.   Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a "straight" plea of guilty as to counts one and two of the indictment.  After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant Amado de la Rosa Ramos is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carry, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.  Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to counts one and two of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the

6

Clerk of Court within ten (10) days of its receipt.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

At San Juan, Puerto Rico, this 5th day of July, 2008.

s/Marcos E. López
UNITED STATES MAGISTRATE JUDGE